Jack **WALDSCHMIDT**, Appellant,

v.

**IOWA LAKES PRODUCTION CREDIT ASSOCIATION**, Appellee.

No. 85–330.

Supreme Court of Iowa.

Jan. 15, 1986.

Steven W. Hendricks of Kersten, Opheim & Carlson, Fort Dodge, for appellant.

Donald J. Bormann of Doran & Bormann, Emmetsburg, and Emil Trott, Jr. of Barrett & Trott, Des Moines, for appellee.

WOLLE, Justice.

Plaintiff Jack Waldschmidt filed a multiple-count action for damages against defendant Iowa Lakes Production Credit Association (Iowa Lakes) claiming breach of contract, breach of fiduciary duty, and numerous theories of tort liability. Iowa Lakes by special appearance asserted that the federal district court had exclusive jurisdiction to decide plaintiff's claims because production credit associations are federal instrumentalities covered by the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b) (1982). In this interlocutory appeal plaintiff asserts that the district court committed an error of law in upholding that unresisted special appearance, while Iowa Lakes argues both that plaintiff failed to preserve error and that the district court's ruling was correct. We reverse and remand, concluding that the Iowa district court had jurisdiction to hear and decide the pleaded issues.

In *South Central Iowa Production Credit Association v. Scanlan*, 380 N.W.2d 699 (Iowa 1986), decided today, we address the issue of exclusive federal court jurisdiction and uphold the jurisdiction of Iowa courts to decide actions sounding in tort against production credit associations. Production credit associations are not "corporations primarily acting as instrumentalities or agencies of the United States" within the meaning of that phrase in the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2671; *see Scanlan*, 380 N.W.2d at 700. Our analysis and resolution of that issue of law in the *Scanlan* case is equally applicable in this case. Our interpretation of the pertinent federal statutes is not different here even though the production credit association in *Scanlan* was a plaintiff defending against a counterclaim, whereas Iowa Lakes is a defendant that did not choose a state court forum. Congress did not intend to insulate such production credit associations as the plaintiff in *Scanlan* and defendant Iowa Lakes in this case from having state courts resolve issues of the type here pleaded. *Scanlan*, 380 N.W.2d at 703.

Iowa Lakes contends that plaintiff did not preserve error on this jurisdictional issue because he did not resist the special appearance. The record shows that the district court sustained the special appearance on the first motion day following a period of ten days within which plaintiff could have responded and requested oral argument. Plaintiff did neither.

We do not approve plaintiff's failure to respond to the special appearance in a manner which would have helped the district court identify the precise jurisdictional issue, analyze all pertinent federal statutes and cases, and clearly understand plaintiff's position on this question of law. Had plaintiff promptly resisted the special appearance with the persuasive arguments now presented to us, he might well have obtained a favorable ruling from the district court and avoided the expense and delay resulting from this appeal.

Iowa Lakes has conceded, however, that a legal issue, not a fact-bound issue, is presented by this record. Plaintiff's act of filing his petition in the district court constituted his assertion that the court had subject matter jurisdiction. Plaintiff was correct, because Iowa Lakes has not shown that the Iowa district court was without jurisdiction to decide the pleaded claims. *See DeCook v. Environmental Security Corp.*, 258 N.W.2d 721, 725–26 (Iowa 1977) (grant of special appearance must be reversed if record affirmatively reveals facts which make conclusion of law incorrect); *In re NFO Members' Custodial Account*, 255 N.W.2d 162, 164 (Iowa 1977) (appellate court may decide questions of law arising from established facts).

The district court had jurisdiction to decide the claims against Iowa Lakes alleged in plaintiff's petition. We reverse and remand for further proceedings.

REVERSED AND REMANDED.

All Justices concur except REYNOLDSON, C.J., who takes no part.